THOMAS L. McELHANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McElhany v. Commissioner
Docket No. 29292-88
United States Tax Court
T.C. Memo 1991-259; 1991 Tax Ct. Memo LEXIS 307; 61 T.C.M. (CCH) 2847; T.C.M. (RIA) 91259; June 10, 1991, Filed *307 Decision will be entered under Rule 155. Thomas L. McElhany, pro se. Amy Dyar Seals, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable year in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent determined deficiencies in petitioner's Federal income tax as follows: Additions to Tax, Secs. Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
1985
$   821.60
$ 41.08 * -- --
1986
$ 2,137.20
--
--
$ 106.86 *
After a concession by respondent, the Court must decide: (1) Whether petitioner is entitled to a theft loss deduction in the amount of $ 130,000 for 1985; (2) whether petitioner is entitled *308 to a carryover to 1986 for the balance of any unused prior loss; (3) whether petitioner is liable for additions to tax for the taxable years. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Jackson, Tennessee, when his petition was filed. Petitioner is an engineer and machinist. During 1974, 1975, 1977, and 1978, petitioner used his spare time and effort to design a high-powered, multiple-fuel steam engine. Petitioner believed his design was novel, proprietary, and would contribute to national energy independence. Petitioner compiled all his workings and calculations in an engineering design notebook (notebook). Petitioner has submitted his design and project proposals to the Army, the Energy Research and Development Administration, and truck lines. Petitioner did not patent the design, nor did he ever sell or profit from it. In February 1985, petitioner was unemployed. Petitioner left Nashville, Tennessee, to search for a job in other cities. Petitioner gave up his apartment in Nashville and told the apartment manager he was going to leave a two-wheel utility trailer in the apartment complex parking lot. He left the notebook *309 and miscellaneous personal items in the trailer. He returned to Nashville in August, after he had obtained employment and established a new home. At that time, petitioner discovered the trailer was missing from the parking lot. Neither the trailer nor its contents were insured. Petitioner reported the incident to the local police, but he did not identify the notebook as one of the missing items. Petitioner did not ask for a theft report, and the police currently have no record of the incident. Petitioner has worked on his design intermittently since 1986, and reproduced much of his work. Petitioner valued the time he had spent on the steam engine project over a four-year period at $ 130,000. Petitioner deducted this $ 130,000 on his 1985 Federal income tax return as a theft loss of the notebook. Thus, his 1985 income of $ 8,990.55 was offset entirely. Petitioner carried over part of the unused balance of the claimed loss to offset in full his 1986 income of $ 13,718.37. Respondent disallowed petitioner's theft loss deduction in 1985 and the loss carryover to 1986. Respondent also determined that petitioner was liable for self-employment taxes and additions in both years. *310 Respondent conceded the self-employment issue for both years. Respondent maintains that petitioner is not entitled to a theft loss deduction for 1985. Additionally, respondent maintains that if petitioner is entitled to the deduction for 1985, petitioner improperly carried it over to 1986, instead of first carrying the loss back three years. Based upon our holding with respect to the theft loss, we do not reach the carryover issue. OPINION In determining whether petitioner's deduction for 1985 under section 165 was proper, we must first find that a theft occurred. . While it may not have been wise for petitioner to store his belongings in an unattended trailer for six months, we accept his testimony, and hold that the loss of his notebook is due to theft. Section 165 permits the deduction of losses caused by theft that is not reimbursed by insurance. The proper measure of the loss sustained is the lesser of (1) the fair market value of the property immediately before the theft or (2) the adjusted basis of the property. ; section 165(b). *311 In general, in the absence of a gift or inheritance, the basis for tax purposes is the amount of money a taxpayer spent to acquire or improve a piece of property. Petitioner has the burden of proving his basis. ; Rule 142(a). Both petitioner and respondent cite , as factually similar and supportive of each of their respective positions. We believe it helps only respondent. In that case, design documents outlining a manufacturing process were stolen from the taxpayer, who deducted the value of the design as a theft loss. The taxpayer contributed his own time and skills to the development of the designs. The taxpayer did not otherwise establish a fair market value for the design. We reiterated the elementary principle that a person's own labor does not give him a basis in property. We held that the taxpayer was not entitled to a theft loss deduction. Petitioner presented a number of calculations based on hypothetical lost earnings to show fair market value. Aside from the lack of plausibility of these *312 calculations, the loss of prospective earnings in future years does not mean that he has a tax loss in 1985. It is well established that section 165 does not allow deductions for a loss of anticipated earnings. See . To allow such deductions would violate the general rule that there is nothing in section 165 indicating "that Congress intended to allow petitioner to reduce ordinary income actually received and reported by the amount of income he failed to realize." . In the present case, petitioner has not shown any basis or fair market value for his notebook. In fact, petitioner did not value the notebook enough to insure it and, in the absence of insurance, to take it with him when he left Nashville. Instead, he left it in an unattended trailer for six months. Petitioner simply contributed his own labor. After the theft, using his memory and analytical abilities, petitioner reproduced part of his design. Petitioner suffered no actual monetary loss. That he suffered inconvenience does not qualify petitioner for a theft loss deduction. Although *313 petitioner did not formally claim any loss as to the theft of the trailer and the personal belongings in it, petitioner presented enough evidence so that respondent conceded on brief that the trailer was worth approximately $ 300. On a statement attached to his 1985 return, petitioner stated that the trailer was loaded with personal, household possessions of relatively low value. Exercising our discretion under , we find that petitioner had a total theft loss of $ 350, which after subtracting the $ 100 floor under section 165(h), results in a $ 250 theft loss deduction for 1985. Due to our findings, there is no deductible balance of a theft loss to be carried into 1986 or any other year. Section 6653(a)(1) and section 6653(a)(1)(A) provide for an addition to tax in the amount of five percent of an underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) and section 6653(a)(1)(B) provide for a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence *314 or intentional disregard of rules and regulations. For purposes of this section, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . On the facts in this record, petitioner is subject to the additions to tax for negligence. Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the underpayment attributable to negligence in the amount of the respective deficiency.↩